Monica McGinley
19710 Maycrest way
Germantown, MD 20876

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2014 OCT 20  PM 3: 15

CLERK'S OFFICE
AT GREENBELT

# UNITED STATES FEDERAL COURT, DISTRICT of MARYLAND

| | |
|---|---|
| PLAINTIFF | ) |
| | ) BY____ꙶⱱ____DEPUTY |
| Monica McGinley | ) 14 CV 3280 TDC |
| 18933 TREEBRANCH TERRACE | ) Case No. _____ |
| Germantown, MD 20874 | ) |
| | ) |
| vs. | ) |
| | ) |
| | ) |
| DEFENDANT(S) | ) |
| | ) Date: 20th day of October, 2014 |
| CENTRAL MORTGAGE COMPANY | ) |
| | ) |
| and | ) |
| | ) |
| "substitute trustee" law firm John S. Burson, | ) |
| William M. Savage, Gregory N. Britto, | ) |
| Kristine D. Brown and Jessica L. Harrington | ) |
| "Shapiro, Brown & Alt, LLP" | ) |

## COMPLAINT

### DEMAND FOR TRIAL BY JURY

COMES NOW, Monica McGinley, one of the people of Maryland, in a special limited appearance, without granting jurisdiction, to report that the DEFENDANT(S) have violated several Maryland statutes regarding affidavit requirements, but more importantly have violated federal law under the Fair Debt Collections Practices Act (FDCPA) and RESPA (real estate settlement procedures act) . Defendant(s) have submitted false/fabricated mortgage documents making different claims to different federal agencies – the Maryland District Bankruptcy court and the Consumer Finance Protection Bureau – in addition to claims made to Montgomery circuit court that do not substantiate DEFENDANT is a "P.E.T.E" under FRCP 17 "the person entitled to enforce" otherwise known as the party with an interest.

## NOTICE OF FEDERAL LAW VIOLATIONS

1.  **Violation of 15 U.S.C. §1692b(2)** - stated that the consumer owed any debt.
    **Recorded Document Deed of Trust:  LIBOR 31605 FOLIO 349-370 (Deed of Trust):  BANKUNITED, FSB – A FLORIDA STATE CORPORATION - THERE IS NO ASSIGNMENT FROM BANKUNITED, FSB TO CENTRAL MORTGAGE COMPANY NOR TO EITHER DEUTSCHEBANK NATIONAL TRUST COMPANY NOR TO ARVEST BANK.   CENTRAL MORTGAGE COMPANY THRU SHAPIRO  ET. AL. ARE NOTHING MORE THAN DEBT COLLECTORS AND HAVE NO LAWFUL AUTHORITY TO COLLECT ON THIS DEBT OR ON THE NOTE OR ON THE PROPERTY THROUGH THEFT BY DECEPTION USING ALTERED/FABRICATED DOCUMENTS**

2.  **Violation of 15 U.S.C. §1692b(3)** - contacted a person more than once, unless requested to do so.
3.  **Violation of 15 U.S.C. §1692e** - Any other false, deceptive, or misleading representation or means in connection with the debt collection.
4.  **Violation 15 U.S.C. §1692e(2)** - Character**, amount**, or legal status of the alleged debt.
5.  **Violation 15 U.S.C. §1692e(5)** - Threaten to take any action that cannot legally be taken or that is not intended to be taken.
6.  **Violation 15 U.S.C. §1692f** - any unfair or unconscionable means to collect or attempt to collect the alleged debt.
7.  **Violation 15 U.S.C. §1692f(6)** Taking or threatening to take any non-judicial action to effect dispossession or disablement of property if—
    (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest;
    (B) there is no present intention to take possession of the property; or
    (C) the property is exempt by law from such dispossession or disablement.
8.  **Violation 15 U.S.C. §1692f(1)** - Attempt to collect any amount not authorized by the agreement creating the debt or permitted by law.
9.  **Violation 15 U.S.C. §1692f(6)** - Taken or threatened to unlawfully repossess or disable the **consumers property**.
10. **Violation 15 U.S.C. §1692i(a)**  - Any debt collector who brings any legal action on a debt against any consumer shall - (1) in the case of an action to enforce an interest in real property securing the consumer's obligation, bring such action only in a judicial district or similar legal entity in which such real property is located.

### INTRODUCTION/PRELIMINARY STATEMENT

Plaintiff brings this action for damages and declaratory and injunctive relief arising from

the Defendant's violation(s) of Sec. 1692 et. seq. of Title 15 of the United States Code,

commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

## THE PARTIES

1.     Plaintiff is an individual, damaged party of interest, and is one of the deeded and lawful owners of the property located at 18933 Treebranch terrace, Germantown, Maryland 20874 ("Property").

2.     Upon information and belief, the Defendant is a law firm and attorneys of said law firm specialize in debt collection with principal place(s) of business at

      1) 10021 Balls Ford Road, Suite #200, Manassas, VA 20109

      2) 236 Clearfield Avenue, Suite 215, Virginia Beach, VA 23462

3.     The Defendant is a "debt collector" as the phrase is defined and used in the FDCPA.

4.     The Defendant "Central Mortgage Company"  is also defined as a debt collector regarding questions of their accounting while claiming a "default"

5.     Central Mortgage Company is believed to have a principal place of business at
      1) 801 John Barrow road, suite 1, Little Rock, AR 72205

## JURISDICTION AND VENUE

6.     The Court has jurisdiction over this matter pursuant to 28 USC Sec. 1331, as well as 15 USC Sec. 1692 et. seq. and 28 USC Sec. 2201.  If applicable, the Court also has pendent jurisdiction over any State law claims in this action pursuant to 28 USC. Sec. 1367 (a).

7.     Venue is proper in this judicial district pursuant to 28 USC Sec. 1391 (b)(2).

## FACTUAL ALLEGATIONS

8.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "5" herein with the same force and effect as if the same were set forth at length herein.

9.     On or about June 12, 2013 Plaintiff contacted Central Mortgage Company via a "qualified written request " or QWR as it is commonly named.

10. CMC failed to respond timely under Dodd-Frank provisions

11. Plaintiff filed a complaint with the Consumer Finance Protection Bureau, the resulting case which later continued into 2014 and is still under investigation as cases:      CFPB # 130701-000967 and CFPB # 140813-001925

12. Since 2011 to the present the law firm Shapiro et. al. has engaged in dubious practices that violate the FDCPA

## FIRST CAUSE OF ACTION (violations of the FDCPA)

13. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "77" herein with the same force and effect as if the same were set forth at length herein.

14. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violate various provisions of the FDCPA. The FDCPA was enacted to "eliminate" a number of activities and conduct on the part of debt collectors such as " abusive debt collection practices by debt collectors. and to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). To that end, the FDCPA prohibits a debt collector from "engag[ing] in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. The Act, *inter alia,* also states that a debt collector "may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt," 15 U.S.C. § 1692e, and "may not use unfair or unconscionable means to collect or attempt to collect any debt," 15U.S.C.§ 1692f.

15. The Plaintiff has been the object of collection activity arising from consumer debt.

16. The Defendant Shapiro, Brown & Alt LLP is a debt collector as defined by FDCPA.

17. The Defendant knowingly, intentionally and deliberately routinely engaged in numerous acts or omissions prohibited by the FDCPA, including, but not limited one or more of the following:

18.    (a) failing to provide proper validation notice within five days of its initial communication with the consumers in violation of 15 U.S.C. § 1692g(a);

19.    (b) failing to cease collection communications and/or activities in violation of 15 U.S.C. § 1692c and/or 15 U.S.C. § 1692g(b).

20.    (c) engaging in conduct the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d;

21.    (d) using false, deceptive, or misleading representation or means in connection with the collection of a debt in violation of Section 1692e.

22.    (e) making false representation of- (i) the character, amount, or legal status of any debt; or (ii) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt in violation of Section 1692e(2)(A) & (B);

23.    (f) making the representation or implication that nonpayment of any debt will result in the garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action in violation of Section 1692e(4);

24.    (g) threatening to take any action that cannot legally be taken or that is not intended to be taken in violation of Section 1692e(5);

25.    (h) using false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of Section 1692e(10);

26.    (i) using unfair or unconscionable means to collect or attempt to collect any debt in violation of Section 1692f;

27.    (j) attempting to collect an amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law in violation of Section 1692f(1);

28.    (k) failing to comply with FDCPA's general guidelines and otherwise engaging in conduct described as abusive, deceptive, and unfair debt collection practices in violation of 15 U.S.C. § 1692.

## DEMAND FOR A TRIAL BY JURY

29.    Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues in this Complaint to which the Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

30.    WHEREFORE, Plaintiff Monica P. McGinley demands judgment against the DEFENDANT(S) CENTRAL MORTGAGE COMPANY  and Shapiro, Brown & Alt, LLP, as follows:

A.    For actual damages provided and pursuant to 15 USC Sec. 1692k(a)(1);

B.    For statutory damages provided and pursuant to 15 USC Sec. 1692k(a)(2)(A);

C.    For attorney's fees and costs provided and pursuant to 15 USC Sec. 1692k(a)(3);

D.    For a declaration that the Defendant's practices violated the provisions of the FDCPA; and

E.    For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.


Respectfully Submitted



20 04 2014

Without prejudice - All rights reserved.

Signed reserving all my rights at UCC 1-207 & 1-308

Monica McGinley

Lawful property owner with Dianne Favre of 18933 Treebranch terrace, Germantown, MD 20874

## PROOF OF SERVICE:

I, _Monica McGinley_ certify that, I have served all parties a true and correct copy of this document on this _20th day October 2014_ by sending it first class mail to all parties involved.


**LAW OFFICES OF SHAPIRO BROWN & ALT, LLP**
10021 Balls Ford Road, Suite #200, Manassas, VA 20109

**CENTRAL MORTGAGE COMPANY**
801 John Barrow road, suite 1, Little Rock, AR 72205


Monica McGinley