UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

MONICA MCGINLEY,

    Plaintiff,

    v.

CENTRAL MORTGAGE COMPANY, and
SHAPIRO, BROWN, & ALT, LLP,

    Defendants.

Civil Action No. TDC-14-3280

**MEMORANDUM ORDER**

This case is before the Court on Defendant Central Mortgage Company's Motion to Dismiss, ECF No. 5. Having reviewed the briefs, the Court finds no hearing necessary. *See* Local Rule 105.6 (D. Md. 2014). For the reasons set forth below, the Motion to Dismiss is GRANTED.

**BACKGROUND**

On October 20, 2014, Plaintiff Monica McGinley ("McGinley"), who proceeds in the action *pro se*, filed suit in this Court against Central Mortgage Company ("Central Mortgage") and Shapiro, Brown & Alt, LLP ("Shapiro") alleging that both Defendants had violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*, in their efforts to collect mortgage payments relating to property located at 18933 Treebranch Terrace in Germantown, Maryland. As to Central Mortgage, McGinley alleges that on about June 12, 2013, she submitted a qualified written request ("QWR") to Central Mortgage regarding its servicing of her mortgage for 18933 Treebranch Terrace. RESPA requires loan servicers to respond to a QWR

within 30 days of receipt, excluding legal public holidays, Saturdays, and Sundays. 12 U.S.C. § 2605(e)(2). McGinley alleges that Central Mortgage failed timely to respond to her request. Records from McGinley's 2013 bankruptcy proceedings reveal that Central Mortgage received McGinley's QWR on June 18, 2013, and that it responded to McGinley on July 18, 2013, providing her with copies of the note, deed of trust, assignment of deed of trust, and loan statements related to its servicing of her mortgage for 18933 Treebranch Terrace. Mot. to Reconsider, Ex. 4, ECF No. 87-1, *In re: Monica P. McGinley,* No. TJC-13-30080 (Bankr. Md. 2013).[1] McGinley makes no specific allegations against Central Mortgage relating to the FDCPA.

As to Shapiro, McGinley asserts that Shapiro is a debt collector within the meaning of the FDCPA and that since 2011, Shapiro "has engaged in dubious practices that violate the FDCPA." Compl. ¶ 12. Otherwise, McGinley's Complaint merely recites the provisions of the FDCPA and alleges that they have been violated. McGinley makes no allegations against Shapiro relating to RESPA.

On December 3, 2014, the Court issued an Order instructing the Clerk to prepare summonses for the Defendants and informing McGinley that she bore the responsibility for effecting service of process on Central Mortgage and Shapiro within 120 days. Order, ECF No. 2. In that Order, McGinley was warned that if she failed timely to serve either Defendant, her Complaint would be dismissed without prejudice. To date, McGinley has failed to serve the Complaint on either Defendant. However, on January 19, 2015, Central Mortgage filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) contending that McGinley has

---

[1] The Court takes judicial notice of these court proceedings pursuant to Fed. R. Evid. 201(b)(2).

failed to state a claim against it under the FDCPA or RESPA. McGinley did not submit a Response to the Motion.[2]

## DISCUSSION

### I. Claims Against Shapiro

McGinley filed this action on October 20, 2014. Pursuant to Federal Rule of Civil Procedure 4(m), she was therefore required to serve her Complaint on all Defendants by February 17, 2015. On December 3, 2014, the Court reminded McGinley that she bore the responsibility for effecting service of process within 120 days and that if she failed to meet that deadline her case might be dismissed. To date, she has not served Shapiro. McGinley's claims against Shapiro are therefore dismissed without prejudice.

### II. Claims Against Central Mortgage

#### A. Legal Standard

To overcome a Rule 12(b)(6) motion, a complaint must present a viable legal theory and must allege enough facts to state a plausible claim for relief under that theory. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when "the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Legal conclusions or conclusory statements do not suffice and are not entitled to the assumption of truth. *Id.*

In evaluating the sufficiency of a plaintiff's claims, the Court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and view the

---

[2] McGinley did submit two Notices of Appearance to Correct the Record in which she asserts that she is executor and agent for the estate of Monica McGinley, and that "Monica Patricia McGinley" is a State Agency for which she is the registered agent. ECF Nos. 8 & 9. McGinley attaches to the second Notice of Appearance documents related to her mortgage for another property located at 36 Thomas Court in Montross, Virginia.

factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005). Complaints filed by *pro se* plaintiffs are "to be liberally construed" and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, the complaint must still present a viable legal theory and must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement" in support of that theory. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009).

    B.    **RESPA Claim**

As noted above, RESPA imposes on loan servicers a duty to respond to a borrower's QWR within 30 days of receipt, excluding legal public holidays, Saturdays, and Sundays. 12 U.S.C. § 2605(e)(2). Here, McGinley sent Central Mortgage a QWR on June 12, 2013. The records from McGinley's bankruptcy proceedings reveal that Central Mortgage received that request on June 18, 2013 and responded to it on July 18, 2013. Excluding weekends and public holidays, as required under the statute, Central Mortgage responded to McGinley's request 25 days after that request was sent, and 21 days after Central Mortgage received it. Central Mortgage thus timely responded to McGinley's QWR. McGinley's RESPA claim arising from her June 12, 2013 request is therefore dismissed with prejudice. *See U.S. Airline Pilots Ass'n v. Awappa, LLC*, 615 F. 3d 312, 320 (4th Cir. 2010) (explaining that when any alteration to a cause of action would be "futile" and have "no impact on the outcome of the motion to dismiss," the district court need not grant leave to amend).

### C.    FDCPA Claim

The only factual allegations that McGinley makes regarding her FDCPA claim are that Shapiro is a debt collector within the meaning of that statute and that Shapiro has "engaged in dubious practices" that violate the FDCPA.  Compl. ¶¶ 12, 16.  She makes no factual allegations against Central Mortgage relating to the FDCPA.  McGinley therefore fails to plead factual content that would allow the Court to draw the reasonable inference that Central Mortgage is liable to McGinley under that statute.  Because McGinley fails to state a plausible claim for relief, her FDCPA claim against Central Mortgage must be dismissed.  *See Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985) (explaining that "[d]istrict judges are not mind readers" and therefore cannot be expected to "construct full-blown claims" based on insufficient factual allegations).

### CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Central Mortgage's Motion to Dismiss, ECF No. 5, is GRANTED and all claims against both Defendants are DISMISSED.  McGinley's RESPA claim against Central Mortgage is DISMISSED WITH PREJUDICE.


Date:  August 21, 2015                                    /s/
                                                  THEODORE D. CHUANG
                                                  United States District Judge